107 F.3d 871
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Randel SCOTT, Plaintiff-Appellant,
v.
Eric ODMARK, Defendant-Appellee.
 No. 95-1985.
 United States Court of Appeals, Sixth Circuit.
 Feb. 20, 1997.
 
 Before: MERRITT, RYAN and SUHRHEINRICH, Circuit Judges.
 PER CURIAM.
 
 
 1
 Randel Scott, pro se, appeals the dismissal of his civil rights action complaint filed under 42 U.S.C. § 1983 against Eric Odmark.[1] We AFFIRM.
 
 I.
 
 2
 Plaintiff sued Odmark, the Resident Unit Manager at Michigan's Muskegon Correctional Facility (MCF) in Muskegon, Michigan, after Scott was attacked by his cellmate on May 17, 1993.[2] Scott alleges that Odmark was deliberately indifferent to his constitutional right to be free from cruel and unusual punishment under the Eighth and Fourteenth Amendments because Scott had informed Odmark that he Scott and his cellmate had fought, and that Scott's cellmate had thereafter threatened more violence. Specifically, in his complaint he alleges:
 
 
 3
 Plaintiff entered the Muskegon Correctional Facility on 5-12-93 and was placed in Aspen Unit in a two man cell with Prisoner Daryl Smith 224043 in cell 128 where a heated argument erupted and both Prisoners requested a cell change.
 
 
 4
 Officer Wright, in charge of cell change, said he must get Unit Manager Eric Odmark['s] approval before making a cell change and that he didn't know when Odmark would be back to work, so Both Prisoners agreed to try to avoid a fight until Odmark returned to work.
 
 
 5
 On 5-16-93 Odmark returned to work and both Prisoners and Officer Wright talked to Odmark but Odmark would not approve a cell change and threwout [sic] the day both prisoners went to talk to Odmark 3 or 4 different time.
 
 
 6
 Plaintiff told Odmark that Smith and some of Smith[']s gangmember friends threatened Plaintiff and Plaintiff feared sleeping in the room with Smith but Odmark said he can't move all the Prisoners who have personality conflicts.
 
 
 7
 Prisoner Smith[']s friend Holcomb 220749 offered to move in with Smith and let the Plaintiff have his cell but Odmark refused to make any kind of a cell change saying he didn't have time to do the Paperwork and he ran everyone out of his Office.
 
 
 8
 The next morning on 5-17-93 at about 9 am the Plaintiff was awakened by prisoner Smith stabbing the Plaintiff in the temple, chin, chest, shoulder and forearm.
 
 
 9
 Complaint, pp 1-6, J.A. 11-12. As a result, plaintiff claims that he suffers physical and mental pain and fears sleeping with other prisoners.
 
 
 10
 Defendant denied that plaintiff asked for protection or stated that he feared for his safety. Defendant also pointed out that plaintiff acknowledged that he did not request protective custody, but merely wanted a cell change. Finally, defendant argued that a confidential statement made by plaintiff after the incident is inconsistent with the allegations in plaintiff's complaint.
 
 
 11
 The district court held that plaintiff failed to state a claim of deliberate indifference to plaintiff's safety in violation of the Eighth Amendment.[3] Plaintiff appeals.
 
 II.
 
 12
 A prison official violates a prisoner's Eight Amendment rights if he is "deliberately indifferent" to a substantial risk of serious harm to the inmate. Farmer v. Brennan, 114 S.Ct. 1970, 1974 (1994). "Deliberate indifference" in this context is more than negligence or carelessness, but is the "equivalent of recklessly disregarding" a risk of harm. Howard v. Grinage, 82 F.3d 1343, 1352 (6th Cir.1996) (quoting Farmer, 114 S.Ct. at 1978). In Farmer the Supreme Court held that:
 
 
 13
 [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which he inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.
 
 
 14
 Farmer, 114 S.Ct. at 1979. Under this test,
 
 
 15
 an Eighth Amendment claimant need not show that a prison official acted or failed to act believing that harm actually would befall an inmate; its is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm.
 
 
 16
 ....
 
 
 17
 For example, if an Eighth Amendment plaintiff presents evidence showing that a substantial risk of inmate attacks was longstanding, pervasive, well-documented, or expressly noted by prison officials in the past, and the circumstances suggest that the defendant-official being sued had been exposed to information concerning the risk and thus must have known about it, then such evidence could be sufficient to permit a trier of fact to find that the defendant-official had actual knowledge of the risk.
 
 
 18
 Farmer, 114 S.Ct. at 1981-82 (citations and quotations omitted).
 
 
 19
 We think the district court correctly concluded that plaintiff's allegations do not establish an Eight Amendment claim as defined in Farmer.
 
 
 20
 Although plaintiff claims to have told defendant that "Smith and some of Smiths (sic) gangmember friends threatened plaintiff and plaintiff feared sleeping in the room with Smith," plaintiff has not established that defendant failed to reasonably respond to the situation. Plaintiff and prisoner Smith allegedly had an altercation upon plaintiff's arrival, five days before the assault at issue. By plaintiff's own admission, he and prisoner Smith were able to agree to avoid a fight at least until defendant return [sic] to work. Defendant could have reasonably assumed that plaintiff and prisoner Smith could have sustained their civility toward each other. It was not unreasonable, therefore, that defendant did not perceive an excessive risk of serious harm. This was a judgment call defendant made after reviewing the situation and speaking to both prisoners. The fact that he ultimately was wrong does not by itself on this record show deliberate indifference. Additionally, defendant acted reasonably after the incident by placing plaintiff in protective custody immediately following the incident and then transferring him to another prison.
 
 
 21
 J.A. at 78-79. Cf. Street v. Corrections Corp., 102 F.3d 810, 816 (6th Cir.1996) (there were issues of fact as to whether prison official was deliberately indifferent to substantial risk of serious harm to prison inmate after predatory prisoner asked guard on duty (defendant) what he would do if perpetrator "kicked plaintiff's ass" and defendant had knowledge that the two prisoners had fought just prior to defendant's shift).
 
 
 22
 We therefore affirm the lower court's ruling that plaintiff has failed to establish a claim of deliberate indifference to plaintiff's safety in violation of the Eighth Amendment. Given this basis for dismissal, we need not consider the discrepancies between plaintiff and defendant's version of events, or any inconsistencies between plaintiff's complaint and his confidential statement.
 
 
 23
 AFFIRMED.
 
 
 
 [1]
 The district court also determined that an appeal of the matter would not be in good faith. 28 U.S.C. § 1915(e). On February 13, 1996, this court granted plaintiff's motion to proceed in forma pauperis on appeal. Fed.R.App.P. 24(a)
 
 
 [2]
 Odmark is sued in both his individual and official capacities
 
 
 [3]
 The lower court collapsed plaintiff's Fourteenth Amendment claim into his Eighth Amendment claim, in accordance with Graham v. Connor, 490 U.S. 386, 395 n. 10 (1989)